# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4264 | **DATE** | 9/13/2001 |
| **CASE TITLE** | Cloyd R. Selby and Anna P. Selby vs. General Motors Corp. and Dana Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, GM's and Dana's motions for summary judgment against the plaintiffs are granted for failure to disclose expert testimony pursuant to Rule 26. [Doc. #'s 30, 34] This case is closed and all other motions before this court in this matter are deemed moot. [Doc. #'s 20, 26].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 26 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 38 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| lc(vg) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Cloyd R. Selby and Anna P. Selby,

      Plaintiffs,

v.

General Motors Corporation, Inc.,
a Delaware corporation, and Dana
Corporation, a Virginia Corporation

      Defendants.

No. 00 C 4264

HONORABLE DAVID H. COAR

## MEMORANDUM OPINION AND ORDER

Before this court is defendant General Motors Corporation's ("GM") motion for summary judgment against Cloyd R. Selby ("C. Selby") Anna P. Selby ("A.Selby")(collectively "Selbys" or "plaintiffs") and for failure to disclose expert testimony, pursuant to Fed.R.Civ.P. 56. Additionally, before this court, is defendant Dana Corporation's ("Dana") motion for summary judgment against the plaintiffs. For the following reasons, defendants' motions are granted.

### Background

The Selbys purchased a 1996 Chevrolet Corvette Convertible manufactured by GM from Dralle Chevrolet-Buick ("Dralle"), located in Peotone, Illinois, in December 1996. At the time of the purchase, the Selbys received a Manufacturer's Written Limited Warranty from GM for three years or 36,000 miles, stating that GM owed a duty of care to correct any vehicle defect related to materials or workmanship occurring during the warranty period.

While C. Selby was driving, the Corvette swerved suddenly to the left, spun 180 degrees, and ultimately struck a tree. At the time, the Corvette's odometer read 17,000 miles.

As a result of the impact of the fracture and collision, the left side airbag deployed, striking C. Selby in the left side of his chest. Some months after the collision, C.Selby began to experience pain on his left side. X-rays taken in September 1998, a little over 5 months after the collision, show that C. Selby had sustained broken ribs that had since healed. X-rays of C.Selby taken in October 1996, prior to the collision, do not show the same healed fractures.

Prior to the collision, the plaintiffs allege that the Corvette had a market value of $55,000 and, subsequent to the fracture and the resultant collision, the corvette's value diminished to $10,000. The Selbys' insurance company, Allstate Insurance Company, paid the Selbys $22,000 for damages suffered to the Corvette as a result of the collision.

On June 15, 2000, plaintiffs filed this civil action against GM alleging that a defect "in the differential carrier at the location of the lower spindle rod bracket stud hole which connects to the left rear spindle rod bracket to the differential carrier" caused C.Selby to lose control of the vehicle resulting in the alleged accident. Plaintiffs also allege that Dana manufactured the differential carrier.

On September 1, 2000, this court issued its initial discovery schedule order. Pursuant to the order, all disclosures required by Rule 26(a)(1) were due by October 25, 2000; fact discovery was to be completed on February 15, 2001; and plaintiffs' experts' reports were due on March 16, 2001.

GM served written discovery upon plaintiffs which requested the identity of each individual expert witness to be called at the time of trial and the subject matter to which that

expert is expected to testify, the facts to which that expert is expected to testify, and the opinion to which that expert is expected to testify. GM also made a request for plaintiffs to attach a copy of any expert report plaintiffs intended to submit in compliance with Fed R.Civ.P. 26(a)(2)(B). In compliance with the scheduling order, GM provided a report from its expert, David Buist ("Buist"). Buist states in his report that the accident was not caused by a defect in the vehicle. (See Statement of Material Facts, par. 5). Additionally, GM filed a Rule 56 motion on July 3, 2001. By order of July 9, 2001, plaintiffs were to file an answer to the Rule 56 motion by July 30, 2001, but never did.

Dana was named as a defendant in the Amended Complaint filed on October 24, 2000. Plaintiffs served Dana in this matter on April 2, 2001. On May 22, 2001, Dana filed a motion to dismiss plaintiffs' amended complaint. On June 12, 2001, Dana provided plaintiffs with its Rule 26(a)(1) disclosures and on June 18,, 2001 Dana propounded its written discovery on plaintiffs. On July 17, 2001, Dana filed a Rule 56 motion for summary judgment against the plaintiffs' complaint. By order of July 23, 2001, plaintiffs were to respond to Dana's Rule 56 motion by August 8, 2001.

Plaintiffs have failed to provide Dana or GM with its Rule 26 disclosures, answers to its discovery requests and experts' reports. Plaintiffs have also failed to submit any response to Dana's and GM's motions to dismiss or motions for summary judgment. Plaintiffs have not requested an extension of time to respond pursuant to Rule 6.

## Discussion

Defendants GM and Dana bring before this court their respect motions for summary judgment against the plaintiffs' allegations of product liability. For the following reasons, the defendants' motions are granted.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Cox v. Acme Health Serv., Inc., 55 F.3d 1304, 1308 (7th Cir. 1995). A genuine issue of material fact exists for trial when, after viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co, 47 F.3d 928, 931 (7th Cir. 1995). The party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hedberg, 47 F.3d at 931. If this burden is met by the movant, the non-movant must then set forth specific facts to show that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324.

In deciding a motion for summary judgment, the court must read the facts in a light most favorable to the non-movant. Cuddington v. Northern Ind. Public Serv. Co., 33 F.3d 813, 815 (7th Cir. 1994). However, Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A scintilla of evidence in support of the non-movant's position is not sufficient to oppose

successfully a summary judgment motion: "there must be evidence on which they jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250.

In this case, the plaintiffs have not presented any evidence or facts demonstrating a genuine issue of material fact exists with respect to any of the elements they must prove. Under Rule 26(a)(2)9C) of the Federal Rules of Civil Procedure, disclosure of expert testimony and the accompanying, signed, written report must be made "at the times and in the sequence directed by the court." Fed.R.Civ.P. 26 (a)(2)(C). Failure to comply with Rule 26(a) precludes a party from using at trial any information or witnesses not disclosed. Fed.R.Civ.P. 37(c)(1); Harlow v. Eli Lilly and Co., 1995 WL 319728 *1-*2. Additionally, this court's stranding order provides that "[a]ll experts required to be disclosed pursuant to Rule 26(a)(2)(A) must be disclosed within the time limit set for disclosure of experts in the scheduling order . . ."

Absent any argument to the contrary from the plaintiffs, this court agrees with the defendants that without expert testimony or any other facts, plaintiffs cannot sufficiently prove the elements of their case. Under Illinois law, plaintiffs must demonstrate that the product was defective at the time it was sold and that the defect was a substantial factor in causing the injury. Suvada v. White Motor Co., (1965) 32 Ill. 2d 612, 621, 210 N.E.2d 182 (Ill. Sup. Ct. 1965). To prove the existence of a defect and causation, plaintiffs are required to provide evidence through an expert witness. Baltis v. Weaver Division of Kiddle and Co., Inc., 199 Ill. App.3d 821, 834 (1st Dist. 1990).

In this matter, plaintiffs have failed to make any of the required disclosures in violation of this court's September 1, 2000 scheduling order, this court's standing order and Rule 26. In this case, plaintiffs contend that the vehicle was sold by GM with a metallurgical defect in the

differential carrier which was manufactured by Dana. The plaintiffs allege that this defect caused C.Selby to lose control and have an accident. Apparently, the plaintiffs have no evidence to support their theory of defect or the plaintiffs mistakenly believe that they can stand mute in the face of the defendants' evidence in support of their motions for summary judgment. GM's expert has opined that there was no defect. Without any facts or argument from the plaintiff to contrary, this court agrees with the defendants that in order to prove that the allegations in the complaint, the plaintiffs would need expert testimony, given that such technical matters are beyond the expertise of the average juror. Therefore, plaintiffs' failure to produce an expert report pursuant to this court's scheduling order or to provide responses to expert discovery is indeed fatal to their case. And because the plaintiffs have not given this court any facts or argument by which to decide that the plaintiffs can prove the allegations contained in their complaint, summary judgment is entered in favor of Dana and GM and against the plaintiffs.

## Conclusion

For the foregoing reasons, GM's and Dana's motions for summary judgment against the plaintiffs are granted for failure to disclose expert testimony. This case is closed and all other motions before this court in this matter are deemed moot.

**Enter:**

*David H. Coar*
**David H. Coar**
**United States District Judge**

Dated: SEP 13 2001